

U.S. Department of Justice

Criminal Division

*950 Pennsylvania Avenue N.W., Suite 1264*
*Washington, DC 20530-0001*
*Tel: (202) 305-1674*

June 23, 2023

The Honorable Michael E. Gans, Clerk
United States Court of Appeals
 for the Eighth Circuit
111 South 10th Street
Room 24.329
St. Louis, MO 63102

> Re: Rule 28(j) response in *Michael J. Lindell and MyPillow, Inc. v. United States of America, et al.*, No. 22-3510 (argued June 14, 2023, before Loken, Colloton, & Erickson, JJ.)

Dear Mr. Gans,

In their June 21, 2023 letter, plaintiffs identify two cases as "supplemental authorities pursuant to Rule 28(j)," but plaintiffs previously cited both cases in their appellate briefs. *See* Opening Br. 3, 4, 20 (citing *In re Grand Jury Proceedings*, 716 F.2d 493 (8th Cir. 1983)); Reply Br. 2 n.1 (citing *Worrell v. Henry*, 219 F.3d 1197 (10th Cir. 2000)). Plaintiffs' prior citation of these cases demonstrates that neither case is an authority that came to plaintiffs' attention only "after the party's brief has been filed." Fed. R. App. P. 28(j).

Plaintiffs also ask the Court to take judicial notice of two government websites. The first website links to the same report from the Office of the Director of National Intelligence that plaintiffs already cited in their opening brief. *See* Opening Br. 14 n.3. Undersigned counsel has been unable to access the second website listed in plaintiffs' letter, but plaintiffs cited a nearly identical web address in their opening brief. *See id.* at 15 n.5. Neither website thus appears to qualify as an authority that came to plaintiffs' attention "after the party's brief has been filed." Fed. R. App. P. 28(j).

Moreover, plaintiffs concede that they failed to submit these websites to the district court. Accordingly, neither website is part of the record on appeal. *See* Fed. R. App. P. 10(a). Plaintiffs' letter thus amounts to a request that the Court consider extra-record material. The Court should decline to do so because plaintiffs cannot rely on information outside the district-court record as evidentiary support for their appellate arguments. *See Adeli v. Silverstar Automotive, Inc.*, 960 F.3d 452, 462 n.6 (8th Cir. 2020); *United States v. Drefke*, 707 F.2d 978, 983 (8th Cir. 1983). In any event, to the extent that plaintiffs seek to rely on these websites to support the allegations at ¶¶ 47-49 of their complaint, none of the "statements quoted in Lindell's complaint suggest any impropriety." Gov't Br. 21.

Respectfully submitted,

  /s/ Jenny C. Ellickson
JENNY C. ELLICKSON
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., NW, Room 1264
Washington, D.C. 20530
(202) 305-1674
jenny.ellickson@usdoj.gov

2

Appellate Case: 22-3510   Page: 2   Date Filed: 06/23/2023 Entry ID: 5289335

# CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2023, I caused the foregoing brief to be served upon the filing users identified below through the Court's CM/ECF system:

Patrick M. McSweeney
Christopher I. Kachouroff
Lyndsey L. Bisch
McSweeney, Cynkar & Kachouroff, PLLC
13649 Office Place, Suite 101
Woodbridge, VA 22192
(804) 937-0895
patrick@mck-lawyers.com

Alan Dershowitz
Harvard Law School
1575 Massachusetts Avenue
Cambridge, MA 02138
(617) 495-4621
alandersh@gmail.com

Kurt Olsen
Olsen Law, P.C.
1250 Connecticut Ave. N.W., Ste. 700
Washington, DC 20036
(202) 408-7025

*Counsel for Plaintiffs-Appellants Michael Lindell and MyPillow, Inc.*

    /s/ Jenny C. Ellickson
JENNY C. ELLICKSON
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., NW, Room 1264
Washington, D.C. 20530
(202) 305-1674
jenny.ellickson@usdoj.gov